UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leonel Flores Huerta, on behalf of himself and all other similarly situated employees,<br><br>     Plaintiff,<br><br>-against-<br><br>Marly Building Supply Corp. (Brooklyn), Marly Building Supply Corp., and Kim K. Ma individually,<br><br>     Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Leonel Flores Huerta ("Plaintiff"), on behalf of himself and all other similarly situated employees, for his complaint against Defendants Marly Building Supply Corp. (Brooklyn), Marly Building Supply Corp., and Kim K. Ma individually (collectively "Defendants"), alleges as follows:

1. **NATURE OF THE ACTION**

  1. This is a collective and class action lawsuit brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., for unpaid overtime and violations of wage notice and statement requirements.

2. **PARTIES**

  **2.1. Plaintiff Leonel Flores Huerta**

  2. Plaintiff Leonel Flores Huerta is an individual who resides in the County of Bronx, New York.

  3. Plaintiff was employed by Defendants as a Construction Helper from approximately 1998 until on or about October 23, 2023.

  **2.2. Corporate Defendant Marly Building Supply Corp. (Brooklyn)**

  4. Defendant Marly Building Supply Corp. (Brooklyn) is a Domestic Business Corporation organized under the laws of the County of Kings.

5. The principal executive office of Defendant Marly Building Supply Corp. (Brooklyn) is 858 Meeker Ave, Brooklyn, NY 11222.

6. Defendant Marly Building Supply Corp. (Brooklyn) exercised control over the terms and conditions of employees' employment, including Plaintiff(s), in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

7. Defendant Marly Building Supply Corp. (Brooklyn) exercised control, oversight, and direction over Plaintiff(s) and similarly situated employees.

8. Defendant Marly Building Supply Corp. (Brooklyn) applied the same employment policies, practices, and procedures to all Plaintiff(s), including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

9. Defendant Marly Building Supply Corp. (Brooklyn) is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff(s) and similarly situated employees.

**2.3. Corporate Defendant Marly Building Supply Corp.**

10. Defendant Marly Building Supply Corp. is a Domestic Business Corporation organized under the laws of the County of Kings.

11. The principle executive office of Defendant Marly Building Supply Corp.is 858 Meeker Ave, Brooklyn, NY 11222.

12. Defendant Marly Building Supply Corp. exercised control over the terms and conditions of employees' employment, including Plaintiff(s), in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13. Defendant Marly Building Supply Corp. exercised control, oversight, and direction over Plaintiff(s) and similarly situated employees.

14. Defendant Marly Building Supply Corp. applied the same employment policies, practices, and procedures to all Plaintiff(s), including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

15. Defendant Marly Building Supply Corp. is a covered employer within the meaning of the FLSA and the NYLL, and employed Plaintiff(s) and similarly situated employees.

**2.4. Individual Defendant Kim K. Ma**

16. Defendant Kim K. Ma is an individual who is the owner, operator, and employer of Marly Building Supply Corp. and Marly Building Supply Corp. (Brooklyn).

17. At all times relevant to this Complaint, Kim K. Ma had significant control over the operations, policies, and employment practices of the corporations.

18. Kim K. Ma was directly involved in the hiring of employees, including Plaintiff.

19. Kim K. Ma was responsible for setting work hours and schedules for employees, including Plaintiff.

20. Kim K. Ma maintained payroll records for the corporations.

21. Defendant Kim K. Ma was involved in broader employment decisions and was ultimately responsible for employment practices including but not limited to terminations like Plaintiff's.

22. As a result of his substantial involvement in these aspects of the business, Kim K. Ma is personally liable for the wage and hour violations alleged herein.

**3. JURISDICTION AND VENUE**

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it involves claims arising under the FLSA and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

4. **FACTUAL ALLEGATIONS**

   4.1. **Defendant(s)' Enterprise**

25. At all relevant times, each Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL, and the regulations thereunder.

26. Defendants are an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27. Defendants have employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

28. In each of the three years preceding the filing of this Complaint, Defendants have had an annual gross volume of sales exceeding $500,000.

29. Defendant(s) constitute an "enterprise" as defined in 29 U.S.C. § 203 engaged in the common business purpose of doing business as "Marly Building Supply."

30. Marly Building Supply has maintained a mailing address 858 Meeker Ave, Brooklyn, NY, 11222.

31. Defendants employ individuals who are engaged in commerce or in the production of goods for commerce, as well as those who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

32. Marly Building Supply, which commenced operations in 2000, has significantly expanded its business. The enterprise operates from its primary storefront at 858 Meeker Avenue, Brooklyn, NY, 11222, and an additional facility in 61 West Sunrise Highway, Lindenhurst, NY, 11757.

33. Marly Building Supply distributes a broad range of masonry materials and has established itself as one of the largest distributors of face bricks in New York City, demonstrating substantial business operations and a wide scope of activity.

34. In addition to its distribution activities, the enterprise provides logistics services and is involved in the manufacturing of construction materials, including concrete masonry units (CMUs), metal studs, tracks, wire lath, and truss mesh.

35. Marly Building Supply engaged in related activities through unified operation at 858 Meeker Avenue, Brooklyn, NY, 11222 and an additional facility in 61 West Sunrise Highway, Lindenhurst, NY, 11757.

36. Marly Building Supply performed related activities through common control of Defendants and common business functions such as advertising and a common website.

**4.2. Wage and Hour Violations as to Plaintiff Leonel Flores Huerta**

37. Plaintiff Leonel Flores Huerta was ostensibly employed as a Construction Helper.

38. Plaintiff Leonel Flores Huerta's job responsibilities included but were not limited to cement work, carrying building material, demolition work, putting up walls, and electrical work.

39. Plaintiff Leonel Flores Huerta was hired on or about 1998.

40. Plaintiff Leonel Flores Huerta was hired by Defendant Kim K. Ma.

41. At all relevant times, Plaintiff Leonel Flores Huerta worked for Defendant(s) at 46 Mulberry Street, New York, NY 10013, 52 Mulberry Street, New York, NY 10013 and 67 Mott Street, New York, NY 10013.

42. Plaintiff Leonel Flores Huerta was employed by Defendant(s) until approximately October 23, 2023.

#### 4.2.1 <u>Wages</u>

43. During 2019, Plaintiff Leonel Flores Huerta was paid $165 per day, regardless of hours worked.

44. From 2020 to 2021, Plaintiff Leonel Flores Huerta was paid $170 per day, regardless of hours worked.

45. From approximately 2022 to April 2023, Plaintiff Leonel Flores Huerta was paid $175 per day, regardless of hours worked.

46. From approximately April 2023 to October 23, 2023, Plaintiff Leonel Flores Huerta was paid $192 per day, regardless of hours worked.

#### 4.2.2 <u>Hours</u>

47. From approximately 2019 to approximately March 2020, Plaintiff Leonel Flores Huerta worked the following approximate schedule: 6 days per week from 8:00 AM to 4:30 PM.

48. From approximately March 2020 to approximately April 2023, Plaintiff Leonel Flores Huerta worked the following approximate schedule: 6 days per week from 8:00 AM to 4:30 PM.

49. From approximately May 2023 to October 23, 2023, Plaintiff Leonel Flores Huerta worked the following approximate schedule: 5 days per week from 8:00 AM to 4:30 PM.

50. Additionally, from approximately 2019 to approximately April 2023, Plaintiff worked Sunday as well, twice each month, for approximately 4 additional hours each week.

### 4.3. **Defendant(s)' Payroll Recordkeeping Practices.**

51. Defendant(s) did not keep accurate records of the number of hours worked each day by Plaintiff(s) and Class Members.

52. Defendant(s) did not keep accurate records of the number of hours worked each week by Plaintiff(s) and Class Members.

53. Defendant(s) did not keep accurate records of the time of arrival and departure of Plaintiff(s) and Class Members for each work shift.

54. Defendant(s) did not keep accurate records of the regular wages earned by Plaintiff(s) and Class Members.

55. Defendant(s) did not keep accurate records of overtime wages earned by Plaintiff(s) and Class Members.

56. Plaintiff(s) and Class Members were not given wage statements with each payment of wages as required by the NYLL.

57. Plaintiff(s) and Class Members were not given a wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected their rate or rates of pay and number of hours worked per week, as required by the NYLL.

58. As a result of Defendants' failure to provide Plaintiff(s) and Class Members a Notice of Pay Rate or accurate wage statements with each payment of wages, Plaintiff(s) and Class Members have been prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff(s) and Class Members worked, and to avoid paying Plaintiff(s) and Class Members properly for their full hours worked.

**5. COLLECTIVE ACTION ALLEGATIONS**

62. Plaintiff(s) brings this action on behalf of themselves, and all similarly situated construction workers who worked at Marly Building Supply within the statute of limitations period (6 years) prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

63. The FLSA Collective consists of over 16 employees who have been victims of Defendant(s)' common policy and practices that have violated their rights under the FLSA by, inter alia, denying them overtime wages.

64. As part of their regular business practice, Defendant(s) intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff(s) and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay its employees, including Plaintiff(s) and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and,

   b. willfully failing to record all the time that its employees, including Plaintiff(s) and the FLSA Collective, have worked for the benefit of Defendant(s)

65. Defendant(s)' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff(s) and the FLSA Collective.

66. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated construction workers can be readily identified and located through Defendant(s)' records. The similarly situated construction workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

67. Upon information and belief, those similarly situated employees are known to Defendant(s), are readily identifiable, and can be located through Defendant(s)' records.

6. **CLASS ACTION ALLEGATIONS**

68. Plaintiff(s) brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated construction workers who work or have worked for Defendant(s) within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

69. The class is so numerous that joinder of all members is impracticable because there are more than 20 members of the Rule 23 Class.

70. There are questions of law or fact common to the class including but not limited to: whether Defendant(s) violated New York Labor Law overtime, wage notice and statement requirements.

71. The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendant(s) within the statutory period, and sustained similar types of damages as a result of Defendant(s)' failure to comply with the NYLL.

72. Plaintiff(s) and the Rule 23 Class were all injured in that they were victims of Defendant(s)' violations of the NYLL due to Defendant(s)' common policies, practices, and patterns of conduct.

73. The named Plaintiff(s) will fairly and adequately protect the interests of the class.

74. Plaintiff(s) have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

75. There is no conflict between the named Plaintiff(s) and the Rule 23 Class members.

76. Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant(s) or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members

not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

78. Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

79. Defendant(s) acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

80. Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

7. **CAUSES OF ACTION**

   7.1. **Count I: Fair Labor Standards Act Violations**

   81. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

   82. Each Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

   83. At all relevant times, each Defendant was an "employer" as defined in 29 U.S.C. § 203.

   84. At all relevant times, each Plaintiff was an "employee" as defined in 29 U.S.C. § 203.

85. At all relevant times, each Defendant was engaged in commerce or in the production of goods or commerce as defined in 29 U.S.C. § 203, 206 and 207.

86. Plaintiff and each member of the FLSA Collective is a covered individual within the meaning of the FLSA under 29 U.S.C. § 203, 206 and 207.

87. At all relevant times, Defendants employed Plaintiff and each member of the FLSA Collective within the meaning of the FLSA.

88. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

89. Defendants violated the FLSA by failing to pay Plaintiff and each member of the FLSA Collective overtime compensation for hours worked over 40 in a workweek.

90. As a result of Defendants' FLSA violations, Plaintiff and each member of the FLSA Collective is entitled to unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs and such other and further damages available at law.

**7.2. Count II: New York Labor Law Violations**

91. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

92. At all relevant times, Plaintiff and each Class Member was employed by Defendants within the meaning of the New York Labor Law §§ 2, 650, and 651 et seq. and the supporting New York State Department of Labor Regulations.

93. Each Defendant knowingly and willfully violated Plaintiff's and each Class Member's rights by failing to pay overtime compensation at rates of not less than one and one-half times each Plaintiff's and Class Member's regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

94. Each Defendant did not provide each Plaintiff and each Class Member with a document or written statement accurately accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

95. Upon information and belief, this was done in order to disguise the actual number of hours each Plaintiff and Class Member worked, and to avoid paying for their full hours worked; and overtime due.

96. Each Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

97. Due to the Defendants' New York Labor Law violations, each Plaintiff and each Class Member is entitled to recover from Defendants all unpaid minimum wages, overtime, spread of hours, liquidated damages, premiums, interest, attorney's fees, costs, and disbursements of this action, pursuant to New York Labor Law § 663(1) et al. and § 198.

### 7.3. Count III: Wage Theft Protection Act Violations

98. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

99. Defendants violated the Wage Theft Protection Act, as set forth in NYLL § 195(1) and § 195(3), by failing to provide Plaintiff and each Class Member with a wage notice upon hiring and failing to provide accurate wage statements with each payment of wages.

100. Specifically, Defendants did not provide Plaintiff with a written notice of wage rates, the regular payday, and other information required by NYLL § 195(1), and they did not provide Plaintiff and each Class Member with a wage statement containing the required information, including hours worked, rates of pay, and any deductions taken, as required by NYLL § 195(3).

101. As a result of Defendants' violations of the Wage Theft Protection Act, Plaintiff and each Class Member is entitled to statutory damages, which include damages for each week the wage notice was not provided and for each pay period the wage statement was not provided, as well as interest, attorneys' fees, and costs.

## 8. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court provide:

a. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

b. Designation of Plaintiff Leonel Flores Huerta as Representative of the FLSA Collective;

c. Designation of this action as a class action pursuant to F.R.C.P. 23;

d. Designation of Plaintiff Leonel Flores Huerta as Representative of the Class; and

e. An award of unpaid overtime due under the FLSA and NYLL;

f. An award of liquidated damages as a result of each Defendant's failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

g. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court determines to be just and proper.

9. **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff(s) demand a trial by jury in this action.

Dated: Queens, New York
April 28, 2025

SACCO & FILLAS LLP

By: _____/s/ Madeline Howard_____
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2251
Fax: 718-679-9660
MHoward@SaccoFillas.com
*Attorneys for Plaintiff*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Kim K. Ma

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Leonel Flores Huerta and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Marly Building Supply Corp. (Brooklyn) for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York  
   April 28, 2025

SACCO & FILLAS LLP

By:   /s/ *Madeline Howard*
  Madeline Howard, Esq.
  3119 Newtown Ave, Seventh Floor
  Astoria, NY 11102
  Tel: 718-269-2251
  Fax: 718-679-9660
  MHoward@SaccoFillas.com
  Attorneys for Plaintiff

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: Marly Building Supply Corp. (Brooklyn)

PLEASE TAKE NOTICE, that Leonel Flores Huerta and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
April 28, 2025

SACCO & FILLAS LLP

By: ____/s/ *Madeline Howard*____
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2251
Fax: 718-679-9660
MHoward@SaccoFillas.com
Attorneys for Plaintiff

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: Kim K. Ma

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Leonel Flores Huerta and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Marly Building Supply Corp. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

| | |
|---|---|
| Dated: Queens, New York<br>April 28, 2025 | SACCO & FILLAS LLP<br><br>By: ____/s/Madeline Howard_____<br>Madeline Howard, Esq.<br>3119 Newtown Ave, Seventh Floor<br>Astoria, NY 11102<br>Tel: 718-269-2251<br>Fax: 718-679-9660<br>MHoward@SaccoFillas.com<br>Attorneys for Plaintiff |

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: Marly Building Supply Corp.

PLEASE TAKE NOTICE, that Leonel Flores Huerta and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
       April 28, 2025

SACCO & FILLAS LLP

By:  ____/s/ *Madeline Howard*____
     Madeline Howard, Esq.
     3119 Newtown Ave, Seventh Floor
     Astoria, NY 11102
     Tel: 718-269-2251
     Fax: 718-679-9660
     MHoward@SaccoFillas.com
     Attorneys for Plaintiff

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Por la presente doy mi consentimiento para ser parte demandante en una acción para recuperar salarios impagos, incluidos, entre otros, salarios mínimos, horas extras, distribución de horas, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me deben. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las regulaciones de implementación y órdenes salariales.

Por la presente autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que pueda ser necesario, y por la presente doy mi consentimiento, acepto y tengo la opción de convertirme en demandante en este documento y quedar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name / Nombre: Leonel Flores Huerta

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ Firma: Leonel flores     Date/ Fecha: 02-06-25